UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANI DARLING** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.  22-1586** |
| **NATIONAL FLOOD INSURANCE PROGRAM, ET AL.** | * | **SECTION: "D" (3)** |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned Assistant United States Attorney, comes the Defendant, Deanne B. Criswell, in her official capacity as the Administrator of the Federal Emergency Management Agency ("FEMA"), a component part of the United States Department of Homeland Security ("USDOHS"), and who is the only proper defendant pursuant to the limited waiver of sovereign immunity found in the National Flood Insurance Act of 1968, as amended (specifically at 42 U.S.C. § 4072), and the improperly named co-defendants Alejandro Mayorkas, in his official capacity as the Secretary of the USDOHS,[1] and the National Flood Insurance

---

[1] While Section 503 of the Homeland Security Act of 2002, Pub. Law 107-296, 5 U.S.C. §§ 301-*et seq.*, initially transferred to the Secretary of the Department of Homeland Security all functions, personnel, and liabilities of the Federal Emergency Management Agency (FEMA), that act was subsequently repealed by Section 611 of the Department of Homeland Security Appropriations Act, 2007, PL 109-295, meaning that Secretary Mayorkas is not a proper party to this action.   Similarly, Plaintiff named the "National Flood Insurance Program" (the "NFIP") as a defendant, but there is no such justiciable entity that exists or is capable of being sued.  The NFIP is exactly that – a program, not a juridical entity capable of being sued.  Pursuant to the relevant statute – 42 U.S.C. § 4072 – the only proper party defendant is the Administrator of FEMA in his or her official capacity – Deanne B. Criswell.  Just as a federal agency cannot be sued *eo nominee,* neither can a federal program run by a federal agency be sued.  *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")  The National Flood Insurance Act, 42 U.S.C.§4072, provides that a party may sue the Director of FEMA (now titled the "Administrator") in his or her official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim.   As such, Defendant objects to the naming of Secretary Mayorkas and the "National Flood Insurance Program" as defendants and asserts that they should be dismissed pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(2), and in the alternative Rule 56.  To the extent the court finds anyone else other than Administrator Criswell a viable defendant, they join in the other arguments and grounds for this Motion.

1

Program a non-suable and non-justiciable entity, and respectfully files this motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff's claims must be dismissed since Plaintiff did not submit a timely and SFIP-compliant Proof of Loss for any additional amounts of U.S. Treasury funds sought in this lawsuit as required by their SFIP (44 C.F.R. § 61, App. A(1)) at Section VII(J).

**WHEREFORE**, for the reasons set forth in greater detail in the attached memorandum in support, Defendant prays that this Honorable Court will grant the motion and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

 /s/ *Brock D. Dupre*
**BROCK D. DUPRE**
Assistant United States Attorney
LA Bar Roll No. 28563
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3005
Facsimile: (504) 680-3184
Brock.dupre@usdoj.gov