UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANI DARLING** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.  22-1586** |
| **NATIONAL FLOOD INSURANCE PROGRAM, ET AL.** | * | **SECTION: "D" (3)** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendant, Deanne B. Criswell, in her official capacity as the Administrator of the Federal Emergency Management Agency ("FEMA"), a component part of the United States Department of Homeland Security ("USDOHS"), and who is the only proper defendant pursuant to the limited waiver of sovereign immunity found in the National Flood Insurance Act of 1968, as amended (specifically at 42 U.S.C. § 4072), and the improperly named co-defendants Alejandro Mayorkas, in his official capacity as the Secretary of the USDOHS,[1] and the National Flood Insurance

---

[1] While Section 503 of the Homeland Security Act of 2002, Pub. Law 107-296, 5 U.S.C. §§ 301-*et seq.*, initially transferred to the Secretary of the Department of Homeland Security all functions, personnel, and liabilities of the Federal Emergency Management Agency (FEMA), that act was subsequently repealed by Section 611 of the Department of Homeland Security Appropriations Act, 2007, PL 109-295, meaning that Secretary Mayorkas is not a proper party to this action. Similarly, Plaintiff named the "National Flood Insurance Program" (the "NFIP") as a defendant, but there is no such justiciable entity that exists or is capable of being sued.  The NFIP is exactly that – a program, not a juridical entity capable of being sued. Pursuant to the relevant statute – 42 U.S.C. § 4072 – the only proper party defendant is the Administrator of FEMA in his or her official capacity – Deanne B. Criswell.  Just as a federal agency cannot be sued *eo nominee,* neither can a federal program run by a federal agency be sued.  *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")  The National Flood Insurance Act, 42 U.S.C.§4072, provides that a party may sue the Director of FEMA (now titled the "Administrator") in his or her official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. As such, Defendant objects to the naming of Secretary Mayorkas and the "National Flood Insurance Program" as defendants and asserts that they should be dismissed pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(2), and in the alternative Rule 56.  To the extent the

Program (a non-suable and non-justiciable entity), through the undersigned Assistant United States Attorney, respectfully submits this Memorandum in Support of its Motion for Summary Judgment. This matter arises out of the operation of the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*). Plaintiff, Rani Darling, is suing for additional U.S. Treasury benefits[2] under her NFIP Dwelling form Standard Flood Insurance Policy ("SFIP").[3] Plaintiff claims damages to her building commonly identified as 27 Misteltoe Drive, located in Covington, Louisiana for a date of loss of August 29, 2021 caused by Hurricane Ida. Complaint, ¶¶ 9-11. However, Plaintiff failed to submit a timely and SFIP-compliant Proof of Loss ("POL") for the additional amounts of U.S. Treasury funds sought in this lawsuit as required by her SFIP Section VII, paragraph J(4).

I. **FACTUAL BACKGROUND**

Plaintiff, Rani Darling, is an owner[4] of a building commonly identified as having an address of 27 Mistletoe Drive, Covington, Louisiana, 70433. *See* Complaint, ¶ 5. Plaintiff had her building insured under a National Flood Insurance Program Dwelling form Standard Flood Insurance Policy issued by FEMA as the insurer. *Id.* ¶ 7. The SFIP bore policy number SF00370922 and had building coverage limits of $250,000.00 with a $1,250.00 deductible and

---

court finds anyone else other than Administrator Criswell a viable defendant, they join in the other arguments and grounds for this Motion.

[2] All claims under a NFIP issued Standard Flood Insurance Policy are paid with funds from the National Flood Insurance Fund in the U.S. Treasury. *See* 42 U.S.C. § 4017.

[3] The Dwelling form SFIP is itself a federal regulation, promulgated by FEMA and found at 44 C.F.R. § 61, Appendix A(1). As it is itself a federal regulation, all persons are charged with knowledge of the terms and conditions of the SFIP, even if they never read their policy. *See* 44 U.S.C. § 1507.

[4] Upon information and belief, the insured building is also owned in part by Michael Delgiudice, who is believed to be the spouse of Rani Darling, but SFIP was transferred by the prior owner to the purchasers, and for some reason unknown by Defendant, the insureds and/or their insurance agent chose only to list Rani Darling on the transferred SFIP.

$100,000.00 in contents coverage subject to a separate $1,250.00 deductible. *See* Exhibit A, Declaration of Aaron Truitt, ¶ 8. The Dwelling form SFIP is itself a federal regulation, promulgated by FEMA at 44 C.F.R. § 61, Appendix A(1). All claims paid under a SFIP are paid for with U.S. Treasury funds from the National Flood Insurance Fund established in the United States Treasury. *See* 42 U.S.C. § 4017.

Plaintiff's SFIP-insured building suffered some flooding on August 29, 2021, and Plaintiff timely reported some loss to FEMA under the SFIP. Exhibit A, ¶ 9. Pursuant to SFIP Section VII(J)(4), the policyholder has sixty (60) days to provide a proof of loss for every dollar that she wanted to be paid under her SFIP, unless a waiver and extension of the deadline is issued in writing by the Associate Administrator of FEMA pursuant to 44 C.F.R. § 61.13(d) and SFIP Section VII(D).  *See* 44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (J)(4); 44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (D) and 44 C.F.R. § 61.13(d). Under NFIP Bulletin w-21020, the Associate Administrator of FEMA extended the deadline for submission of a proof of loss for Plaintiff's flood loss to a total of 180 days after the flood event – which means for Plaintiff's date of loss of August 29, 2021, Plaintiff would have had until February 25, 2022, to submit a SFIP-compliant proof of loss with supporting documentation for all amounts of U.S. Treasury funds that Plaintiff was attempting to claim under the SFIP. NFIP Bulletin w-21020 is publicly available at https://nfipservices.floodsmart.gov/sites/default/files/w-21020.pdf. Exhibit A, ¶ 12. No part, provision or requirement of the SFIP can be waived, altered or amended by anyone other than the Associate Administrator of FEMA, and any such waiver must be express and in writing. *See* 44 C.F.R. § 61.13(d); 44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (D). *Id.* at ¶ 11. Pursuant to SFIP Section VII(J)(5), (7) and (8), an independent insurance adjuster was provided "as a courtesy only" to assist the policyholder with her loss, but the adjuster has no

duty to assist the policyholder in preparing a proof of loss and does not even have to provide her with the proof of loss form. 44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (J). *Id.* at ¶ 13. The responsibility to submit the proof of loss with supporting evidence lies with the policyholder. *Id.*

The independent adjuster Jason Stallings was from an independent adjusting firm named FKS Insurance Services and helped Plaintiff prepare a proof of loss for building damages with supporting documentation in the amount of $63,342.44 (after application of the applicable deductible) and a replacement cost Proof of Loss for an additional $7,791.64 - **this amount was paid in full**. *Id.* at ¶ 14. Subsequently, the Plaintiff provided information regarding her damaged contents/personal property and additional damages to her building. *Id.* at ¶ 15. Again, the FKS Insurance Services independent adjuster assists the Plaintiff in preparing a proof of loss for $40,217.28 (after the applicable deductible) and an additional $319.95 in building damages - **these amounts were also paid in full**. *Id.* Therefore, the total amount of all timely proofs of loss submitted by Plaintiff was $105,248.48 and Plaintiff was paid this full amount. Exhibit A, ¶ 18. No timely proof of loss for any additional amounts over and above the $105,248.48 was submitted by the Plaintiff. *Id.* at ¶ 19. Plaintiff was sent a denial letter on November 4, 2021, and a second denial letter on March 15, 2022. *Id.* at ¶ 20.

Thereafter, Plaintiff submitted a third proof of loss signed and dated March 25, 2022, in the amount of $274,076.41 along with an estimate that Plaintiff's public adjuster apparently prepared. *Id.* at ¶ 21. However, the March 25, 2022 Proof of Loss for $274,076.41 is untimely on its face because of the February 25, 2022 deadline established in NFIP Bulletin w-21020.

## II. STANDARD OF REVIEW

The Fifth Circuit has held that a motion attacking an insured's compliance with the POL requirement of her SFIP is an attack on the existence of a valid federal cause of action, rather than an attack on the subject-matter jurisdiction of the Court. *See Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1983). For that reason, the standards of Fed. R. Civ. P. 56 governing summary judgment should apply. *Id.*

A district court can grant a motion for summary judgment only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir.1989) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995) (*citing Celotex,* 477 U.S. at 322-24). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson,* 477 U.S. at 248. "If the evidence

is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

### III. LEGAL FRAMEWORK OF THE NATIONAL FLOOD INSURANCE PROGRAM

In 1968, Congress established the National Flood Insurance Program to provide flood insurance coverage at or below actuarial rates. *See* 42 U.S.C. §§ 4001, *et seq.*; *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The program is operated by FEMA and supported by funds from the federal treasury. *Id.* Flood-insurance policies are issued directly by FEMA to insureds, as well as by participating private insurance companies through the Write Your Own program. *Id.*; 42 U.S.C. § 4071.

All federal flood policies issued are in the form of an SFIP and "no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator." *Gowland*, 143 F.3d at 953. If flood damage occurs to insured property, "FEMA ... has established that a claimant must file a Proof of Loss containing certain specified information before his claim may be considered." *Forman v. FEMA*, 138 F.3d 543, 545-46 (5th Cir. 1998). Under the SFIP, found at 44 C.F.R. § 61, App. A(1), art. VII(J)(4), a POL ordinarily must be submitted within 60 days of the loss, unless there is an express and written waiver.[5]

This POL must meet certain specifications contained in the SFIP. *Id.* Further, 42 U.S.C. § 4072 specifically states that: "upon disallowance by the Director of any such claim [for flood-insurance losses], the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court... ." *Id.*; 44 C.F.R. § 62.22(a).

---

[5] Provisions of the SFIP cannot be waived without the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61, App. A(1), art. VII(D).

It is well-settled that "[u]nder FEMA regulations, strict adherence is required to all terms of the SFIP." *Forman*, 138 F.3d at 545 (*citing* 44 C.F.R. § 61.13(a), (d), & (e)); *Gowland*, 143 F.3d at 954 ("the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced"). Indeed, the SFIP itself states that "[y]ou may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." 44 C.F.R. § 61, App. A(1), art. VII.R. With particular respect to the timely submission of a POL, "Courts have enforced this requirement strictly, holding that failure to timely file a [proof of loss] complying with the regulatory requirements is a valid basis for denying an insured's claim." *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005); *see also Gowland,* 143 F.3d at 954 ("an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.").

## IV.  ARGUMENT

As part of presenting a claim under the SFIP, a timely signed and sworn Proof of Loss meeting the requirements of SFIP Section VII(J), with supporting documentation as required by that section, must be submitted. SFIP section VII(R) makes it clear that "all" the requirements of the SFIP must be met by the insured, and this includes the Proof of Loss requirement. Section VII(R) provides as follows:

> **R. Suit Against Us**
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

SFIP Section VII, paragraph J(4) provides that a proof of loss with supporting documentation must be submitted within 60 days of the date of the loss for the amount that a policyholder wants to be paid under their SFIP, but through NFIP Bulletin w-21020 the deadline was extended to 180 days after the date of loss. Therefore, based on the August 29, 2021 loss date, Plaintiff's new deadline would be February 25, 2022. This means that Plaintiff had to submit a SFIP-compliant proof of loss for every dollar that she wanted to be paid under her SFIP within 180 days of the date of loss (or not later than February 25, 2022).

Within this 180-day window, Plaintiff submitted a proof of loss for building damages with supporting documentation in the amount of $63,342.44 (after application of the applicable deductible) and a replacement cost Proof of Loss for an additional $7,791.64 and this amount was paid in full. *See* Ex. A, ¶ 14. Based on the provisions of NFIP Bulletin w-21020, the proof of loss did not have to be signed by the policyholder for it to be payable, but could be paid based on the adjuster's estimate. *See* NFIP Bulletin w-21020. More importantly, if the policyholder disagreed with the amount allowed by the adjuster's estimate and unsigned proof of loss, **the policyholder had to submit an additional signed Proof of Loss for his or her claimed additional amounts within the allowed 180 days**. *Id*.

Subsequently, the Plaintiff provided information regarding her damaged contents/personal property and additional damages to her building. Ex. A, ¶ 15. Again, the FKS Insurance Services independent adjuster assisted Plaintiff in preparing a proof of loss signed and dated January 17, 2022, for $34,114.40, representing a payable contents loss of $33,795.15 and an additional $319.95 in building damages – this amount was paid in full. *Id.* Therefore, the total amounts timely claimed by Plaintiff was $105,248.48 ($71,134.08 + $34,114.40). *Id.* at ¶¶ 14-15. This total amount of timely submitted loss was paid in full. *Id.*

Despite the foregoing, Plaintiff will assert in opposition to this motion that a third Proof of Loss was submitted for additional loss. However, this Proof of Loss was not submitted timely. Plaintiff's third Proof of Loss was signed and dated **March 25, 2022**, in the amount of $274,076.41. *Id.* at ¶ 21. Nevertheless, this March 25, 2022 Proof of Loss for $274,076.41 is untimely on its face because it was submitted *after* the February 25, 2022 deadline established in NFIP Bulletin w-21020. Therefore, Plaintiff cannot recover any additional U.S. Treasury Funds claimed in the March 2022 Proof of Loss.

The Appropriations clause of the U.S. Constitution requires strict compliance with the terms and conditions for payment of U.S. Treasury funds. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947); *Office of Personnel Management v. Richmond,* 496 U.S. 414 (1990). In the context of the NFIP, this means that strict compliance (not substantial compliance) with the SFIP's proof of loss requirements is necessary. *See Gowland v. AETNA,* 960 F.Supp. 101 (W.D. La. 3/20/1997), *affirmed* 143 F.3d 951 (5th Cir. 1998).[6] *See also Richardson v. American Bankers Ins. Co.,* 279 Fed.Appx. 295 (5th Cir. 2008); *Verret v. Louisiana Farm Bureau Mut. Ins. Co.,* 2010 WL 3883369 (W.D. La. 9/27/2010); *Chaddick v. Allstate Ins. Co.,* 2009 WL 455183 (W.D. La. 2/23/2009); *Miller v. American Strategic Ins. Corp.,* 2015 WL 3902790 (W.D. La. 6/23/2015); *Joanen v. State Farm Fire & Cas. Ins. Co.,* 2012 WL 1123609 (W.D. La. 4/3/2012); *Davis v. USAA Cas. Ins. Co.,* 2008 WL 4091689 (W.D. La. 8/28/2008); *Blanchard v. Fidelity National Prop. & Cas. Ins. Co.,* 2010 WL 1850645 (W.D. La. 5/5/2010).

---

[6] The ruling by Judge Melancon in *Gowland* was affirmed by the U.S. Fifth Circuit, and subsequently, the logic and principles in *Gowland* have uniformly been approved and agreed with by 8 other federal Courts of Appeal. *See Decosta v. Allstate Ins. Co.,* 730 F.3d 76 (1st Cir. 2013); *Jacobson v. Metropolitan Prop. & Cas. Ins. Co.,* 672 F.3d 171 (2nd Cir. 2012); *Suopys v. Omaha Prop. & Cas. Ins. Co.,* 404 F.3d 805 (3d Cir. 2005); *Dawkins v. Witt,* 318 F.3d 606 (4th Cir. 2003); *Evanoff v. Standard Fire Ins. Co.,* 534 F.3d 516 (6th Cir. 2008); *Mancini v. Redland Ins. Co.,* 248 F.3d 729 (8th Cir. 2001); *Flick v. Liberty Mut. Ins. Co.,* 205 F.3d 386 (9th Cir. 2000) and *Sanz v. U.S. Security Ins. Co.,* 328 F.3d 1314 (11th Cir. 2003).

In other words, Plaintiff cannot recover any additional amounts over and above what has already been paid by submitting an untimely and insufficient Proof of Loss. *Richardson v. American Bankers Ins. Co.,* 279 Fed.Appx. 295 (5th Cir. 2008); *Ferraro v. Liberty Mut. Fire Ins. Co.,* 796 F.3d 529 (5th Cir. 2015); *Marseilles Homeowners Condo Ass'n., Inc. v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053 (5th Cir. 2008); *Kidd v. State Farm Fire & Cas. Co.,* 392 Fed.Appx. 241 (5th Cir., 2010); *Barnes v. Allstate Ins. Co.,* 2014 WL 1457696 (E.D. La. 4/14/2014); *Howell-Douglas v. Fidelity National Indemnity Insurance Company,* 24 F.Supp.3d 579 (E.D. La. 6/3/2014); *Kelly v. Hartford Fire Ins. Co.,* 615 F.Supp.2d 474 (E.D. La. 2009); *Fowl v. Fidelity National Prop. & Cas. Ins. Co.,* 2013 WL 392599 (1/31/2013); *Tewelde v. Federal Emergency Management Agency,* 2015 WL 1415509 (E.D. La. 3/27/2015) and *Chaiban v. State Farm Fire & Cas. Ins. Co.,* 2014 WL 6901246 (E.D. La. 12/5/2014). Therefore, the additional amount claimed in Plaintiff's Complaint, must be dismissed.

**V.  CONCLUSION**

Based upon the foregoing reasons, the Federal Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


 /s/ Brock D. Dupre
**BROCK D. DUPRE**
Assistant United States Attorney
LA Bar Roll No. 28563
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3005
Facsimile: (504) 680-3184
Brock.dupre@usdoj.gov