UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANI DARLING** | * | CIVIL ACTION |
| **VERSUS** | * | NO.  22-1586 |
| **NATIONAL FLOOD INSURANCE PROGRAM, ET AL.** | * | SECTION: "D" (3) |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## LR 56.1 STATEMENT OF UNCONTESTED MATERIAL FACTS

1. Plaintiff, Rani Darling, is an owner[1] of a building commonly identified as having an address of 27 Mistletoe Drive, Covington, Louisiana, 70433.  *See* Complaint, ¶ 5.

2. Plaintiff had her building insured under a National Flood Insurance Program Dwelling form Standard Flood Insurance Policy issued by FEMA as the insurer. *Id.* ¶ 7.

3. The SFIP bore policy number SF00370922 and had building coverage limits of $250,000.00 with a $1,250.00 deductible and $100,000.00 in contents coverage subject to a separate $1,250.00 deductible. *See* Exhibit A, Declaration of Aaron Truitt, ¶ 8.

4. Plaintiff's SFIP-insured building suffered some flood loss on August 29, 2021, and Plaintiff timely reported some loss to FEMA under the SFIP. Exhibit A, ¶ 9.

5. Pursuant to SFIP Section VII(J)(4), the policyholder has sixty (60) days to provide a proof of loss for every dollar that she wanted to be paid under her SFIP, unless a waiver and extension of the deadline is issued in writing by the Associate Administrator of FEMA

---

[1] Upon information and belief, the insured building is also owned in part by Michael Delgiudice, who is believed to be the spouse of Rani Darling, but SFIP was transferred by the prior owner to the purchasers, and for some reason unknown by Defendant, the insureds and/or their insurance agent chose only to list Rani Darling on the transferred SFIP.

1

pursuant to 44 C.F.R. § 61.13(d) and SFIP Section VII(D).  *See* 44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (J)(4);  44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (D) and 44 C.F.R. § 61.13(d).

6. Under NFIP Bulletin w-21020, the Associate Administrator of FEMA extended the deadline for submission of a proof of loss for Plaintiff's flood loss to a total of 180 days after the flood event – which means for Plaintiff's date of loss of August 29, 2021, Plaintiff would have had until February 25, 2022 to submit a SFIP-compliant proof of loss with supporting documentation for all amounts of U.S. Treasury funds that Plaintiff was attempting to claim under the SFIP.  NFIP Bulletin w-21020 is published by FEMA and is publicly available at https://nfipservices.floodsmart.gov/sites/default/files/w-21020.pdf.  Exhibit A, ¶ 12.

7. Pursuant to SFIP Section VII(J)(5), (7) and (8), an independent insurance adjuster was provided "as a courtesy only" to assist the policyholder with her loss, but the adjuster has no duty to assist the policyholders in preparing a proof of loss and does not even have to provide her with the proof of loss form.  44 C.F.R. § 61, Appendix A(1), Section VII, paragraph (J).  *Id.* at ¶ 13.  The responsibility to submit the proof of loss with supporting evidence lies with the policyholder.  *Id.*

8. The independent adjuster Jason Stallings was from an independent adjusting firm named FKS Insurance Services and helped them prepare a proof of loss for building damages with supporting documentation in the amount of $63,342.44 (after application of the applicable deductible) and a replacement cost Proof of Loss for an additional $7,791.64 and this amount was paid in full. *Id.* at ¶ 14.

9. Subsequently, the Plaintiff provided information regarding her damaged contents/personal property and damages to her building. Again, the FKS Insurance Services independent adjuster assists the Plaintiff in preparing a proof of loss for $40,217.28 (after the applicable deductible) and an additional $319.95 in building damages, and these amounts were also paid in full. *Id.* at ¶ 15.

10. The total amount of all proofs of loss timely submitted by the Plaintiff was $105,248.48 and Plaintiff was paid this full amount. Exhibit A, ¶ 18.

11. No timely proof of loss for any additional amounts over and above the $105,248.48 was submitted by the Plaintiff. *Id.* at ¶ 19.

12. Plaintiff was sent a denial letter on November 4, 2021, and a second denial letter on March 15, 2022. *Id.* at ¶ 20.

13. Plaintiff submitted a third proof of loss signed and dated March 25, 2022, in the amount of $274,076.41 along with an estimate that Plaintiff's public adjuster apparently prepared. *Id.* at ¶ 21.

14. The March 25, 2022 Proof of Loss for $274,076.41 is untimely on its face because it was submitted after the February 25, 2022 deadline established in NFIP Bulletin w-21020. *Id.* at ¶ 22.

15. No written waiver from FEMA has been issued or presented which would allow payment of any amounts based on the $274,076.41 Proof of Loss. *Id.* at ¶ 23.

          Respectfully submitted,

          DUANE A. EVANS
          UNITED STATES ATTORNEY

          /s/ Brock D. Dupre
          **BROCK D. DUPRE**
          Assistant United States Attorney

        LA Bar Roll No. 28563
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3005
Facsimile: (504) 680-3184
Brock.dupre@usdoj.gov